The next case is number 221599, Alicia Mancia v. Merrick B. Garland. Would counsel for petitioner please introduce herself on the record to begin. Good morning. Margaret Moran of New Hampshire Legal Assistance on behalf of Petitioner Dora Mancia. May it please the Court, I would like to reserve three minutes rebuttal time. Did you say three? Yes. Thank you. Petitioner Dora Mancia is asking this Court to vacate the Board of Immigration Appeals July 1, 2022 decision denying her request for sua sponte reopening. The Board erred by treating her motion as a NACARA Section 203C motion and misapplying requirements applicable to such motions. As made clear by the Justice Department when the special statutory NACARA Section 203C motion to reopen was created, that motion is not the only option a NACARA-eligible applicant has for seeking reopening of her proceedings to apply for NACARA. When the 203C motion regulations were promulgated, concerns were raised about the 203C motion deadline difficulty that many NACARA-eligible individuals face. And the Justice Department responded to those concerns explaining that the expiration of the NACARA filing period for such motions, the 203C motions, would not preclude individuals who believe they are eligible for NACARA from seeking to reopen their final orders under the standard rules governing motions to reopen. Ms. Mancia sought sua sponte reopening under the rules governing such motions to reopen and complied with all applicable requirements. Could you refresh my recollection as to whether the government objected when you filed that motion? The government did not object. The government did not file an opposition to the motion. So I was trying to figure out what to make of the government's 28A letter, because it seems to be suggesting that maybe this isn't a jurisdictional issue, but it's mandatory rules processing, which is mandatory if the government invokes it, which is, I mean, I'll pursue this with the government when it gets here. I was just wondering what you made of that, since there was no indication of jurisdictional defect at the time that you filed your motion. No, there was no, no, Your Honor. There was no indication of jurisdictional defect then, nor when the government filed its brief in this case. Ms. Moran, as I read the government brief, it conceded that this court had jurisdiction over the denial of the sua sponte, of the request for relief that the board sua sponte reopen a final order of deportation that had been entered, what, 25 years earlier? 24 years, yes. Yes, 2016. The government was informing us of the Supreme Court decision on two different points. One was that these exhaustion rules do not go to the jurisdiction of the courts of appeals, but they never challenged that. The second thing they said in the letter was, nonetheless, these are mandatory rules for the agency, and it can be considered. Now, the government has argued, in response to your argument, that there is an abuse of discretion in not allowing reopening 25 years later, that your argument is that was legal error and, therefore, was an abuse of discretion. The government says, no, it wasn't legal error, but beyond that, the board also considered, as a matter of discretion, whether your client would have satisfied the requirements and concluded that it didn't. So, in the end, don't we just have an abuse of discretion standard of review as to asking the board sua sponte to 25 years later reopen a final order of removal, which was accompanied by your client could have left voluntarily and she chose not to? Your Honor, let me address first the question you raised about the abuse of discretion. Where the board denies its exercise of discretion or fails to exercise discretion based on a misapplication of law or a misapprehension of law, this is a question of law that this court has jurisdiction to consider. Yes, I addressed that in my question to you. What the board actually said was you filed in the wrong place under our reading of the law. You should have filed your motion to reopen before the immigration judge, but you chose not to do that. You chose to pursue this appeal. And the government says, well, totally apart from all of this, the board also considered whether it would exercise its discretion to grant relief here and concluded it would not. Now, as to that alternative holding, regardless of whether there was legal error on the alternative second holding, why isn't that subject to review merely for abuse of discretion? It is, Your Honor. It is subject to review because the board erred in each of the alternative findings by applying law that is not applicable to the motion before it. So you're saying the board in its alternative rulings may abuse discretion because it made legal errors in its ruling. Exactly, Your Honor. Yes, I am. And with respect to the last alternative, arguably you can read the BIA opinion as saying we're denying it also because noncompliance with the voluntary departure order precludes the relief being sought. And what's the counterargument to that? So that is also legal error because what the BIA is saying there is that Ms. Mancia would have needed to have been eligible for NACARA as of the NACARA special statutory motion filing deadline. That is not correct. The September 11, 1998 motion filing deadline was simply a motion filing deadline, not an eligibility deadline. And so whether or not she had a voluntary departure bar in effect at that time is a mistaken law on the board's part in concluding that it did because she did not need to be eligible for NACARA in September 1998 unless she was applying for NACARA in September 1998, which she did not. So when you refer to NACARA, I think that there's the substantive NACARA relief. Yes. Which is what your client would like to ask IJ for. But then there's also a NACARA provision that arguably, although the chronology doesn't help many people, but that sets a time limit for a certain type of retrospective relief. And you're saying you weren't even seeking that latter thing at all. You were just doing a standard motion to reopen. And had the reopening been granted, you would then have asked the AIJ for substantive NACARA relief, not for any timeliness retrospective reopen. Yes, exactly, Your Honor. And had you done that, had that all happened, would it have been a bar in the subsequent IJ proceeding that your client had not complied with a voluntary departure order? No, Your Honor, it would not have been a bar because the bar, assuming for the moment that she was subject to a voluntary departure bar pursuant to her voluntary departure order and failure to leave the country, assuming for the moment that that is true, under pre-IRA-IRA provision, statutory provision, regarding voluntary departure, she would have been barred from seeking certain forms of relief, including cancellation of removal, suspension of deportation, cancellation of removal, for five years. And thereafter would have been eligible, after the passage of that bar period, would have been eligible to seek this kind of relief. So I think I hear you advancing two arguments. Had you got to go before the IJ in a reopened proceeding, you would have sought NACARA relief, and in response to the voluntary departure bar, you would argue, A, there is no bar, and B, even if there is a bar, it expired after five years. Exactly. Yes, Your Honor. We also submitted and would emphasize that in her request for a motion to reopen, she complied with each of the rules with respect to sua sponte motions, and they are not time barred, and there is no regulatory restriction or statutory or regulatory deadline for Section 203 NACARA relief. And so the timing of her application represents no issue with respect to her eligibility. Moreover, she does qualify as NACARA eligible derivative. In the government's brief, there is a mistake with respect to the category of her eligibility. The government points to the fact that she is over 21 years old when she applied for NACARA or submitted her application with the motion to reopen. This is true, but her eligibility arose many years earlier when she was under 21, when her mother's NACARA was granted, and under the NACARA, she qualified as in the Roman numeral three category of applicants, an under 21 unmarried child. I'm sorry, I'm a bit confused, because I thought there was an appeal from the original order of removal. I would have assumed that argument would have been made then, and the BIA affirmed the order of removal. Have I gotten it wrong? You are correct, Your Honor, that there was an appeal from the original order of removal. However, that preceded the passage of NACARA. Okay, so the argument was not made at the time. It was not relevant or available at that time. Okay, thank you. Thank you, Counsel. At this time, would Counsel for the Respondent please introduce himself on the record to begin? Good morning, Your Honors. May it please the Court, my name is Rob Stalzer. I'm here on behalf of the AG. Your Honors, I want to direct your attention to four words in the regulations, and those words are, notwithstanding any other provision. Those are the words that lead into the rest of that sentence, which says that a NACARA motion to reopen was made by the petitioner. This wasn't a NACARA motion for relief or for getting around the time bar. This was just a standard motion to reopen, and had it reopened, then a NACARA argument would have been made in the reopened proceeding. Yes, happy to, Your Honor. So the question is, under what authority can the Board depart from the Attorney General's instructions by regulation? And the answer, of course, is not at all. It is purely a creation of the Attorney General. And so when petitioner files a motion seeking NACARA relief, the suspension of deportation under the NACARA rules, there are specific regulations laying out what form that must take. But she just wanted, suppose she just went in and said, I'd like you to reopen my proceeding. It didn't even mention NACARA. Then I assume the Board would consider that under the sua sponte rules. Exactly, and isn't she saying that's what she did? She also said why she was doing it and what would happen if the Board granted it, but why would she lose the right to just ask for run-of-the-mill sua sponte reopening? Because it wasn't a run-of-the-mill sua sponte motion, Your Honors. It had the distinct form and request for relief for NACARA suspension. But she wasn't asking the Board for NACARA relief. It seemed to me she was saying that if the Board reopened, she would ask the I.J. for that relief. Yes. Okay. So why are you merging the two together into one motion and acting as if she was asking the Board for NACARA relief? Because the motion was entirely based on NACARA. It was accompanied by a NACARA application for suspension. She did use the word sua sponte, but she also said sua sponte so I can file for this NACARA relief. Well, what's wrong with using whatever vehicle is available? If sua sponte relief is available, your argument is that it's excluded because of NACARA, but if it's not, if sua sponte relief is available generally like it is within the Board's discretion to always consider reopening for extraordinary reasons, why? There's nothing in NACARA itself which prohibits someone from otherwise seeking sua sponte relief. Correct, Your Honor, except in this regulation, as I said a minute ago, it begins with those four words, notwithstanding any other provision. In other words, including the sua sponte reopen provisions that says the Board can reopen cases. This, because it arose in the guise of NACARA and the Attorney General, Attorney General Reno actually, said, was concerned about the overwhelming number of these cases coming to the Board, they created a special regulation that said for this particular type of relief, you have to file it first with the Immigration Court. And that remains the regulation today. But this particular relief, isn't that referring to the relief from the time bar, that NACARA has a substantive provision, but it's also got this other provision that refers to the timeliness of the NACARA request for relief. And she admits she couldn't just ask for that relief. So she just wants a standard run-of-the-mill reopen, and if she gets that, she doesn't need to ask for the timeliness relief under NACARA. She can just ask for substantive NACARA relief. There's still a gatekeeping here, where Petitioners apparently are just attempting to avoid this regulation and say, well, look, even though I'm asking for this exact thing, suspension of deportation under the NACARA rules, I just, you can give it to me under this other avenue, even though the Attorney General, through regulation, has spoken to that precise form of relief. And that's why we contend that it's not an abuse of discretion. We haven't departed from the regulations. We're literally applying the regulations as they're written, that say that you have to go to the Immigration Court instead of the Board. And that's what the Board said, that it's primary holding the case. There's, of course, then the alternative holdings that the Petitioner wouldn't have been eligible at the time anyway, simply because of the voluntary departure order. So the Petitioner in her brief points to language in the DOJ's final rule, which talks about that the two or three motion does not preclude individuals who believe they are eligible for relief from NAVARRA from seeking to reopen their final orders under standard rules. I mean, what do you make of that? I think that's a reference to the other forms of relief provided, both by statute and regulation. Because even if you're a NACARA, a person seeking NACARA, or maybe even had NACARA denied, you can still, of course, file for asylum in terms of changed country conditions. But why does that not preclude you from seeking the extraordinary remedy available under sui sponte relief? Because the regulation has the words notwithstanding any other provision. That has to mean something. It has to mean notwithstanding any other provision, including the sui sponte regulation, you must file this sort of motion with the Immigration Court in order for it to be considered. It has to be from Nicaragua or the qualifying country. And then she acquired years later new heretofore unavailable evidence that shows that that was flatly wrong, that she was. So she filed a motion for reopen. Wouldn't the board be able to consider reopening in that scenario, notwithstanding the fact that the whole reason for reopening was so that she could press her NACARA claim? I think that sounds more like a motion to reconsider, which could be filed, but is, of course, subject to the 30-day deadline. But why couldn't it be brought forward as a motion to reopen? Because, again, it doesn't sound like she's trying to file a new NACARA claim. You're saying, oh, it turns out that was wrong. And when a prior board decision or a prior immigration decision is wrong, the proper vehicle is a motion to reconsider, not a motion to reopen. So it would be a separate form. I think we'd be talking about it. You can have several vehicles sometimes. Suppose years had passed. Wouldn't a motion for reopen be a proper vehicle to use, whether or not you could have had a motion to reconsider? We're way more than 90 days past the final resolution of the original proceeding. Right. As I understand the hypothetical, you said that something was discovered, that the immigration ruling on NACARA was wrong. That's an error of fact or law. That's a motion to reconsider, not a motion to reopen. And you can file one, but then you come up against the motion to reconsider procedural requirements, including the 30 days, unless the board finds it's acceptable. But suppose you're beyond the time limit for a motion to reconsider? Then the board would either, well, I suppose could decide whether it's just a response to reopen it. But, again, that's not the sort of decision you have to make. Couldn't you ask the board for sua sponte reopening in that situation? Yes, I think you could. Even though what you're going to do, should it be reopened, would be to press a NACARA claim. Let me clarify my last statement. You could ask for sua sponte reconsideration, motion for reconsideration, not to reopen. Again, because the attorney general through regulation has spoken to the specific form of relief, the specific vehicle to get to that relief, that's why it was no abuse of discretion here for the board to apply that regulation to petitioner's motion. If there are no more questions, I would just conclude that because we're under the abuse of discretion standard here, the board hasn't departed from its regulations, it hasn't departed from its case law. In fact, as far as I could find, there wasn't any precedent directly on this point. But it did explain why it was coming to that decision, and it was a reasonable explanation. And that is enough to affirm the decision of the board and deny this petition for review. What do you have to say to the argument regarding the voluntary departure bar? There are two arguments being put forward that should she be able to get back before an IJ, she would argue, one, the voluntary departure bar does not apply, and two, even if it did apply, the passage of more than five years would make it inapplicable. Right. Okay. Regarding the first argument, the voluntary departure order and the subsequent deportation order were defective in some way. That should have been raised in the appeal in the late 90s, and it wasn't. And so that's not really a live issue anymore. So for that, I would say simply that's not a live issue. For the second one, assuming that it was filed with the immigration court, it was going to be reopened, and we're looking at NACARA, I would tend to agree with petitioner's counsel that back at that time, those voluntary departure orders only lasted for five years. So at that point, because it's now 24 years on, I don't think that even changes the function of the immigration judge. Thank you, Your Honors. Thank you, counsel. At this time, would the counsel for the petitioner reintroduce herself on the record? She has a three-minute rebuttal. Margaret Moran for the petitioner, Dora Mancia. Your Honors, I think it's clear from the Justice Department's statements in promulgating the rule to which the government refers that the NACARA special statutory 203C motion was an additional and special path for reopening for NACARA-eligible people who had orders of removal. This is clear because there's, in addition to the quotes I shared and the rules themselves, in the statements you see this is in response to a series of comments. The Attorney General, in the series of rules that were passed... Counsel, are you making a sort of legislative history argument? Your brother argued from the text of the rule, and I take it you're now arguing, no, notwithstanding the text, if I look back at the commentary during the period and the responses of the Department of Justice, it needs to be read in a special way. Is that the argument? I'm making that argument, that it needs to be read in the context of what the Justice Department understood the rule to provide and said that it provided at the time. And your opponent said, no, it's been consistent interpretation all along, and you are the one trying to vary that consistent interpretation. So what is the response to that? Yes, Your Honor, thank you. No, I don't think it's been consistent interpretation all along. In fact, many, many people have sought reopening of their removal proceedings in order to pursue NACARA in these decades since the passage of the rule. In the immigration courts, yes? And before the Board of Immigration Appeals, Your Honor, and in those cases, depending on, in those cases, the motion to reopen that those people are submitting for consideration has to be a sua sponsa motion or a joint motion with the government. Do you have any board precedent in your filings with this court? That you have cited to us in support of the statement you just made? Your Honor, there are unpublished opinions, which I included in our submission. Okay, thank you. I also, though, would refer to, there are board precedent decisions in which motions to reopen sua sponte involving people who had voluntary departure orders and so forth, not necessarily in the NACARA context, have been granted. So do you cite those in response to the argument that the only avenue was a motion to reconsider? Yes, Your Honor, I believe the sua sponte motion in any situation is always available as an option. It's not an ideal option because of the extraordinary circumstances, exceptional circumstances, standards you have to meet. Ms. Mencia would, of course, be delighted to have been able to pursue her relief pursuant to a statutory motion. She wasn't trying to evade or avoid the constraints of the special statutory 20C3 motion. She just couldn't have used, she could not have availed herself of that motion because her mother had not yet even applied for NACARA. Which was a prerequisite, would have been a prerequisite for her to have applied in pursuant to 203C in 1998. It wasn't an option for that reason. And also she has been in TPS status and in compliance with the government reporting, checking in with ICE frequently. She's not been trying to avoid apprehension and removal or been in hiding or in any way. Avoiding the consequences of what happened when she was a child in removal proceedings in the 90s. She simply didn't understand she had this option and had she understood it sooner she would have been in a much better position today. Thank you, Ms. Moran.